**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2878
_____

IN RE:  PALANI KARUPAIYAN,
                                                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2-23-cv-00844)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 7, 2023
Before:  KRAUSE, FREEMAN, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed December 19, 2023)
_____

OPINION[*]
_____

PER CURIAM

        Palani Karupaiyan filed the suit at issue here against numerous defendants and

raised numerous claims.  Among other things, he named as defendants New Jersey judges

and raised claims regarding a New Jersey family court proceeding in which his former

wife received a divorce and custody of the couple's two minor children.  The District

Court dismissed Karupaiyan's complaint, and Karupaiyan has appealed at C.A. No. 23-

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1788, which is pending.  Karupaiyan later filed the mandamus petition at issue here.[1]

Mandamus is an extraordinary remedy that we have the discretion to grant only when, inter alia, the petitioner has no other means of obtaining relief.  See Gillette v. Prosper, 858 F.3d 833, 841 (3d Cir. 2017).  In this case, Karupaiyan requests numerous orders, including an order vacating the District Court's judgment and various orders directed to the New Jersey judiciary and the Supreme Court of India.  To the extent that Karupaiyan seeks to challenge the dismissal of his complaint, we deny his request because, as we previously advised him in at least three other cases, "he may challenge the District Court's dismissal order through the normal appeal process."  In re Karupaiyan, No. 23-1288, 2023 WL 3002743, at *1 (3d Cir. Apr. 19, 2023), cert. denied, __ S. Ct. __, No. 23-78, 2023 WL 6558432 (U.S. Oct. 10, 2023); In re Karupaiyan, No. 23-1304, 2023 WL 2854134, at *1 (3d Cir. Apr. 10, 2023); In re Karupaiyan, No. 23-1303, 2023 WL 2823892, at *1 (3d Cir. Apr. 7, 2023), cert. denied, __ S. Ct. __, 2023 WL 6558430 (U.S. Oct. 10, 2023).  To the extent that Karupaiyan seeks any other relief, we deny his requests because he has not shown that the extraordinary remedy of mandamus is warranted as to any form of relief that we have jurisdiction to grant.

For these reasons, we deny Karupaiyan's mandamus petition.

---

[1] Karupaiyan initially filed his petition on the docket of his appeal at C.A. No. 23-1788, but our Clerk notified him that a mandamus petition is an original proceeding that requires a separate filing fee and that his petition would be separately docketed. Karupaiyan did not object to that order and instead sought and obtained leave to proceed in forma pauperis in this separately docketed mandamus proceeding.